

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,851-02

### EX PARTE SIMON BAZILLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1261252-B IN THE 180TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion, which SLAUGHTER, J. joined.

### O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to thirty years' imprisonment. The First Court of Appeals affirmed his conviction. *Bazille v. State*, No. 01-11-00647-CR (Tex. App. — Houston [1st. Dist.], Feb. 20, 2014). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for the following: overriding his decision to testify on his own behalf in both the guilt/innocence and punishment phases, and his election to have the jury assess punishment rather than the court; failing to file a motion to allow him to testify free from impeachment of prior conviction evidence; failing to file a motion to suppress

the in-court identification of Applicant; and failing to investigate and present mitigation witnesses. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: January 12, 2022
Do not publish